## J. M. PHILLIPS et al. *v.* JACK HARVEY.

1. ATTACHMENT -- RETURN THEREON -- ITS OFFICE. -- An officer levying a writ of attachment is required by § 1436 of the Code of 1871, to make a full return thereon of all his proceedings. It cannot be presumed that he levied on any other property than that specified in the return of the writ.

2. SAME -- JUDGMENT AGAINST SURETIES. -- It is error to render judgment against the sureties on a replevin bond for the whole amount of the plaintiff's demand, they being liable only for the assessed value of the property, when the jury have omitted to assess the value of the property attached and replevied. Richard v. Mooney, 39 Miss., 357.

3. SAME -- SAME -- CASE IN JUDGMENT. -- The sheriff having returned the writ of attachment as levied upon a certain note: *Held*, that although the plaintiffs in error might have become sureties upon a bond purporting to be a replevin bond for the release of certain mules, plows, etc., claimed to have been attached, yet as the sheriff's return did not show any levy upon such personal property, and the jury not having assessed the value of the property, it was *error* to render a judgment against them.

ERROR to the Circuit Court of Tunica County. Hon. E. S. FISHER, Judge.

The facts of the case sufficiently appear in the opinion of the court.

The following errors are assigned:

1. The court below erred in rendering judgment against the sureties on the replevin bond, because no property had, in point

of fact, been attached, as is shown by the sheriff's return on the writ of attachment.

2. Because there was no verdict of the jury fixing the value of the property attached, or supposed to have been attached, and consequently no judgment could be entered against the sureties on the replevin bond.

. *H. H. Chalmers*, for plaintiffs in error, contended:

1. That as no property was levied on, as shown by the return of the writ, the bond in the record purporting to be a replevin bond is a nullity.

2. That even if the bond was good, no judgment could be rendered against the plaintiffs in error, because in their verdict they did not assess the value of the property, and plaintiffs in error were mere sureties on the bond.

PEYTON, C. J., delivered the opinion of the court.

It appears from the record in this case, that on the 2d day of January, 1872, Jack Harvey sued out an attachment against the estate of W. C. Deloach, a nonresident of this state, founded on a claim of three hundred and three dollars, which was returnable to the circuit of Tunica county, and was levied according to the return of the sheriff, on a debt due said Deloach by David Mack, to the amount of three hundred dollars, and said Mack was summoned to appear at said circuit court and answer as garnishee.

On the 2d day of February, 1872, the said defendant, Deloach, made an informal bond with the plaintiffs in error, as his sureties therein, purporting to replevy 2 mules, 8 plows, 4 sets of gear and 4 hoes, alleged to have been levied on as the property of said Deloach, by virtue of said writ of attachment, in the hands of said David Mack. The said bond was payable to the plaintiff in the attachment, and conditioned to pay such judgment as may be awarded against said Deloach on a trial of said cause.

Such proceedings were then had as resulted in a verdict for the plaintiff in attachment for the sum of three hundred and fifty-

eight dollars, whereupon a judgment was rendered on said bond against the plaintiffs in error as sureties therein, in favor of the defendant in error, for the amount of said verdict.

The plaintiffs in error make the following assignments of error.

1. Because no property had, in point of fact, been attached, as shown by the sheriff's return on the writ of attachment.

2. Because there was no verdict of the jury fixing the value of the property attached, or supposed to have been attached, and consequently no judgment could be entered against the sureties on the replevin bond.

The statute provides, in section 1439 of the Code of 1871, that the defendant in attachment, at any time before final judgment, may replevy the personal property seized and taken into possession by the officer serving the attachment, by giving to such officer a bond with sufficient security to be approved by him, payable to the plaintiff, in double the value of such property, conditioned to have said property forthcoming to answer and abide the judgment of the court in said suit, or in default thereof to pay and satisfy the judgment to the extent of the value of said property; and on the execution of such bond, the said officer shall restore to the defendant the property so replevied, and shall return the bond so taken with the said writ of attachment and all the proceedings thereon.   And as section 1436 of said code requires that the officer serving an attachment shall make a full return thereon of all his proceedings on or before the return day of the writ, we cannot presume that he levied on any other property than that specified in the return of the writ.   It is the property seized by virtue of the attachment that may be replevied, and resort must be had to the return on the attachment to ascertain what that property is, and upon reference to the officer's return upon the attachment, no such property appears to have been seized under the attachment as that attempted to be replevied in this case. The bond, after reciting the personal chattels levied on as the property of the defendant in the attachment proceeds to state that

it is to replevy this property that the bond is given. This negatives the idea that the bond was given under section 1440 to pay and satisfy the judgment, and in discharge of the attachment. If, as we believe, the bond was taken under the section first above mentioned it should have been conditioned to have the property forthcoming to answer and abide the judgment, or in default thereof, to pay the judgment to the extent of the value of the property, and as the value of the property was not ascertained, the judgment cannot be sustained under this section of the statute. And if the bond was taken under the succeeding section, it was unauthorized for the want of a levy on the property recited in the bond. By giving the bond under this section to pay and satisfy the judgment, the statute says the attachment shall be discharged, and the property attached shall be released and restored to the defendant. If the property was not taken under the attachment, it cannot be released and restored to the defendant.

The plaintiffs in error are sureties, and if the bond be a replevin bond, they are liable only for the assessed value of the property, and it will hence be error to enter judgment against them for the whole amount of the plaintiff's demand, when the jury have omitted to assess the value of the property attached and replevied. Richard v. Mooney, 10 George, 357.

Under neither of the sections of the code above mentioned, can this judgment be sustained, for the reasons given in the foregoing opinion.

The judgment must, therefore, be reversed.